ORDER AND OPINION ON PETITION FOR REHEARING
In his petition for rehearing Sigler takes issue with this language in our opinion:
“Our criminal law proscribes purposely doing an act which causes the death of another; it also proscribes doing an act *263 with a conscious object of causing the death of another. In the former, death may not be the intended result, but if the act which causes the death is done purposely, deliberate homicide is committed.”
Sigler contends that the above language “broadens the definition of the most serious crime,” and eliminates the crime of negligent homicide. The State agrees with this assessment. The Attorney General has thus conceded the major premise of the minority opinion filed with the original in this case. A concession of such broad dimensions does not wring from the Attorney General an admission that Sigler is entitled to a new trial however. Instead the State continues to contend that the jury in the Sigler case was “adequately instructed.” Yet if under the original opinion in this case, Sigler could have been convicted of deliberate homicide for an accidental killing of the child, he would, indeed, as the minority contended, be entitled to a new trial.
We reject the contention that our original opinion in this case has eliminated the crime of negligent homicide or broadened the crime of deliberate homicide. To show why, we must again discuss the effect of the adoption of the Model Penal Code in our criminal statutes in 1973.
To begin with, specific intent is not an elemental concept of a crime under the present criminal code unless the statute defining the offense requires as an element thereof a specific purpose. State v. Starr (Mont. 1983), [204 Mont. 210,] 664 P.2d 893, 897, 40 St. Rep. 796, 801. The state in this case was not required to prove a specific intent on the part of Sigler to kill the child when he kicked his stomach.
In State v. Gratzer (Mont. 1984), [209 Mont. 308,] 682 P.2d 141, 145, 41 St. Rep. 727, 731, we said:
“The effect of the adoption of the 1973 Criminal Code in Montana was to change radically our legal concepts for proof of homicide. Formerly, the presumption of proof of a killing was that the lesser crime had been committed, and the Sate had the duty of going forward with the evidence beyond a reasonable doubt that the greater had been com *264 mitted. Now, the legal effect of proof of a killing is that the greater crime has been committed, that of deliberate homicide, unless the evidence shows mitigation, excuse, or justification. . . .” 682 P.2d at 145.
In this case, the Sigler jury was instructed that the homicide was deliberate if a death of a human being was caused purposely or knowingly. The jury was also instructed that a person acts purposely with respect to a result or to conduct constituting a crime, if it is his conscious object to engage in the conduct or to cause that result. Section 45-2-101(58), MCA. The court also instructed the Sigler jury on the meaning of “knowingly” which is important here. The jury was told that a person acts knowingly with respect to conduct when he is aware of his conduct, and that he acts knowingly with respect to the result of his conduct when he is aware then it is highly probable that such a result will be caused by his conduct. Section 45-2-101(33). MCA. In considering the effect of the statutory definition of “knowingly” we said in State v. Coleman (Mont. 1979), 605 P.2d 1000, 1055 (Opinion on Rehearing):
“The statute considers two elements of knowledge as far as this case is concerned. (1) knowledge as to the conduct itself and, (2) knowledge as to the result of that conduct. It is only the result of the conduct that hangs on the proof of his awareness that ‘it is highly probable that such result [would] be caused by his conduct.’ ” (Emphasis in original.)
By statutory definition, Section 45-2-101(33), MCA. therefore a second element of “knowingly” which the State may prove to convict of a crime is the defendant’s awareness that it is highly probable that the result will be caused by his conduct. Here the verdict shows that the Sigler jury found that Sigler possessed such awareness at the time of his conduct in kicking the child. Particularly is this true because although the jury was instructed as to negligent homicide in this case, Sigler was not convicted of negligent homicide, but rather of deliberate homicide.
In the original Sigler opinion, we emphasized, and we *265 re-emphasize here, that under Montana law there must be causal relationship between the conduct and the result. Section 45-2-102, MCA. Conduct is the cause of the result, as applicable to this case, if (a) without the conduct the result would not have occurred; and (b) if the result was not within the contemplation or purpose of the offender, but the same kind of harm or injury was contemplated by him though the precise harm or injury was different or occurred in a different way.
The majority opinion therefore does not abolish the crime of negligent homicide. Rather is emphasizes the statutory elements of the crime which the jury found in this case. It should be clear, following our original Sigler opinion, that deliberate homicide is committed when a person purposely or knowingly causes the death of another human being; and that the word “causes” in the statutory definition of deliberate homicide must be read in conjunction with Section 45-2-201, MCA, which describes what constitutes a causal relationship between the conduct and the result. The original opinion states again what had been stated in Coleman, supra, that a person acts knowingly when there is proof beyond a reasonable doubt that he is aware of the high probability of the result of his conduct. Finally, there is causal relationship though the result is not within the contemplation of or purpose of the defendant, where the same kind of harm or injury is contemplated by him though the precise harm or injury is different or occurred in a different way.
Negligent homicide under our statute does not include the mental states of “purposely” or “knowingly.” Section 45-5-104, MCA. A homicide is committed negligently when the person acts negligently with respect to a result or consciously disregards a risk that the result will occur, or when he disregards a risk of which he should be aware that the result will occur. Section 45-2-101(37), MCA. The person’s negligence must be such that to disregard the risk involves a gross deviation from the standard of conduct that a rea *266 sonable person would observe in the actor’s situation. Section 45-2-101(37).
It is the presence of purposeful or knowing action, as defined by our statutes, that distinguishes deliberate or mitigated homicide from negligent homicide.
IT IS ORDERED:
Accordingly, we deny the petition for rehearing and modify the paragraph to which exception was taken by the defendant and the State to insert the “knowingly” as follows:
“Our criminal law proscribes purposely doing an act which causes the death of another; it also proscribes doing an act with the conscious object of causing a death of another. In the former, death may not be the intended result, but if the act which causes the death is done purposely or knowingly deliberate homicide is committed. In the latter, death is the intended result and any act of the defendant which leads to the intended result if deliberate homicide.”
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.
MR. JUSTICES SHEA and MORRISON would grant a rehearing.